JOHN L. BURRIS, ESQ., SBN 69888
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Center
7677 Oakport Street, Suite 1120
Oakland, CA 94621
Telephone:  (510) 839-5200
Facsimile:  (510) 839-3882
Email:  John.Burris@johnburrislaw.com

PATRICK BUELNA, ESQ., SBN 317043
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
Well Fargo Center
1901 Harrison St., Suite 1140,
Oakland, CA 94612
Tel: 510-929-5400
Email: PBuelna@LawyersFTP.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN FRANKLIN, an individual,<br><br>       Plaintiff,<br><br>v.<br><br>CITY OF BERKELEY, a municipal corporation; AARON GRASPER, in his individual capacity as a police officer for the BERKELEY Police Department; MIKE PARSONS in his individual capacity as a police officer for the BERKELEY Police Department; TYLER MOORE in his individual capacity as a police officer for the BERKELEY Police Department; WESLEY GROVER in his individual capacity as a police officer for the BERKELEY Police Department; SCOTT CASTLE in his individual capacity as a police officer for the BERKELEY Police Department; ALEX | Case No.:<br><br><u>COMPLAINT FOR DAMAGES</u><br>(42 U.S.C § 1983)<br><br><br><u>JURY TRIAL DEMANDED</u> |

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 1

VILLARROEL in his individual capacity as a )
police officer for the BERKELEY Police )
Department; and DOES 1-50, inclusive. )
                                        )
                Defendants.             )
_____ )

## INTRODUCTION

1.      Kevin Franklin was driving home from work on the evening of June 1st, 2019, when he was stopped by Berkeley police officers. Officers informed Mr. Franklin that he was being pulled over for having a paper license plate. After presenting paperwork proving ownership officers began looking for a reason to harass Mr. Franklin, an African-American.

2.      First officers confused a cologne bottle for liquor and then began to harass him over a small amount of marijuana. Mr. Franklin began feeling harassed and contacted Berkley police on his cell phone to speak with a supervisor. Officers took offense to this action and called in back-up. Officers then pulled Mr. Franklin from his vehicle and beat him in the middle of the street. Mr. Franklin was then arrested for bogus resisting arrest charges and taken to jail. Afterwards, the charges were dropped.

3.      As a result of the officers' excessive force, Mr. Franklin suffered injuries to his face and eye, other physical injuries, embarrassment, humiliation and emotional distress.

## JURISDICTION

4.      This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in the City of Berkeley, in Alameda County, California, which is within this judicial district.

## PARTIES

5.      Plaintiff KEVIN FRANKLIN (hereinafter "Plaintiff") is a competent adult, a resident of Berkeley, California, and a citizen of the United States.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

6.      Defendant AARON GRASPER in his individual capacity as a police officer for the BERKELEY Police Department.

7.      Defendant MIKE PARSONS in his individual capacity as a police officer for the BERKELEY Police Department.

8.      Defendant SCOTT CASTLE in his individual capacity as a police officer for the BERKELEY Police Department.

9.      Defendant ALEX VILLARROEL in his individual capacity as a police officer for the BERKELEY Police Department.

10.     Defendant TYLER MOORE in his individual capacity as a police officer for the BERKELEY Police Department.

11.     Defendant WESLEY GROVER in his individual capacity as a police officer for the BERKELEY Police Department.

12.     Defendant CITY OF BERKELEY (hereinafter "City") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant City has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Berkeley Police Department and its tactics, methods, practices, customs, and usage. At all relevant times, Defendant City was the employer of Defendants and DOES 1-25, individually and as peace officers.

13.      Plaintiff is ignorant of the true names and capacities of those Defendants named herein as DOES 1 through 25, inclusive. Plaintiff will amend this Complaint to allege said Defendants true names and capacities when that information becomes known to Plaintiff. Plaintiff is informed and believes, and thereon alleges that DOES 1 through 25, inclusive, are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent,

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 3

careless, deliberately indifferent, intentional, or willful misconduct, including the negligent, careless, deliberately indifferent, intentional, willful misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek to amend this Complaint to set forth said true names and identities of DOES 1 through 25, inclusive, when they have been ascertained.

14.     Plaintiff is ignorant of the true names and capacities of Defendants DOES 26 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant so named was employed by Defendant City at the time of the conduct alleged herein. Plaintiff alleges that each of Defendants DOES 26 through 50 were responsible for the training, supervision and/or conduct of the police officers and/or agents involved in the conduct alleged herein. Plaintiff alleges that each of Defendants DOES 26 through 50 was also responsible for and caused the acts and injuries alleged herein. Plaintiff will amend this Complaint to state the names and capacities of DOES 26 through 50, inclusive, when they have been ascertained.

15.     In doing the acts alleged herein, Defendants, and each of them, acted within the course and scope of their employment for the City of Berkeley.

16.     Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

17.     Due to the acts and/or omissions alleged herein, Defendants, and each of them, act as the agent, servant, and employee and/or concert with each of said other Defendants herein.

18.     Plaintiff filed a timely government tort claim on November 19, 2019, and the City of Berkeley rejected the claim on December 24, 2019.

## **FACTUAL ALLEGATIONS**

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 4

19.      On the evening of June 1, 2019, Plaintiff Kevin Franklin, an African-American, was driving home from work when he was pulled over by Berkley Police Department Officers Tyler Moore and Wesley Grover for allegedly having paper license plates near the intersection of California and Blake Street, Berkeley, CA. Plaintiff provided Ofc. Moore his car paperwork of recent purchase and ownership, while Berkeley Ofc. Wesley Grover accused and confused a bottle of cologne for liquor. But after, conversed casually with Plaintiff about his favorite alcohol and Plaintiff explained that he had quit alcohol years ago.

20.      Ofc. Moore returned to the car. Finding nothing wrong and searching for a reason to harass Mr. Franklin, an African-American, Ofc. Moore then inquired about the smell of marijuana. Plaintiff informed officers that he had a small amount of marijuana and presented it to the officers. Ofc. Moore was unsatisfied and asked Plaintiff if he had any weapons. Plaintiff, still dressed in his work clothing, explained that he did not and was simply on his way home from work.

21.      Ofc. Moore still unsatisfied that he had not yet harassed Plaintiff sufficiently, decided to pull Claimant from the car while Plaintiff exercised his First Amendment right to tell the officers to stop messing with him and called the Berkeley police on his phone to record the interaction and summon a supervisor. Ultimately Officers Moore and Grover took Plaintiff to the ground and beat him. Other Berkeley Officers Aaron Gasper, Mike Parsons, Scott Castle and Alex Villarroel arrived and assisted in beating Plaintiff while he was on the ground.

22.      Officers arrested Mr. Franklin on bogus resisting arrest charges, and taken to jail. The Alameda County District Attorney declined to press charges against Mr. Franklin and the charges were dropped.

23.      As a result of the officers excessive force, Plaintiff Kevin Franklin suffered injuries to his face and eye and other physical injuries, embarrassment, humiliation and emotional distress.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 5

1

## DAMAGES

2      24.      As a consequence of Defendants' violations of Plaintiff's federal civil rights

3  under 42 U.S.C. §1983 and the Fourth Amendment, Plaintiff was physically, mentally,

4  emotionally, and financially injured and damaged as a proximate result of Defendants' wrongful

5  conduct.

6      25.      Plaintiff found it necessary to engage the services of private counsel to vindicate

7  his rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees and/or costs

8  pursuant to statute(s) in the event that she is the prevailing parties in this action under 42 U.S.C.

9  §§ 1983 and 1988. Plaintiff is also entitled to punitive damages under 42 U.S.C. §§ 1983 and

10  1988.

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION
11
**(Fourth Amendment – Excessive Force under 42 U.S.C. Section 1983)**
12  *(Against MOORE, GROVER, GASPER, PARSONS, CASTLE, VILLARROEL, and DOES 1-25)*

13      26.      Plaintiff hereby re-alleges and incorporates by reference each and every

14  paragraph of this Complaint.

15      27.      When Defendants attacked Plaintiff they had no reasonable suspicion, probable

16  cause and the officers issued no verbal warning to Plaintiff. Plaintiff had committed no crimes.

17  Defendants had no probable cause or even reasonable suspicion to use any force whatsoever

18  against Plaintiff. Therefore, the use of any force, including beating the plaintiff, was unlawful

19  and excessive. Defendant officers conduct was excessive and unreasonable, which violated

20  both their training and Plaintiff's constitutional rights under the Fourth Amendment.

21      28.      As a result of their misconduct, Defendants are liable for Plaintiff's injuries.

22      WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

23

### SECOND CAUSE OF ACTION
24  **(Fourth Amendment – Unlawful Detention/Arrest under 42 U.S.C. Section 1983)**
*(Against MOORE, GROVER, GASPER, PARSONS, CASTLE, VILLARROEL, and DOES 1-25)*

25

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 6

29.     Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

30.     When Defendants arrested Plaintiff, they had no reasonable suspicion and/or probable cause, and issued no lawful warnings and/or instructions. Furthermore Plaintiff had not committed any crimes. Therefore, Defendants' use of force, detention and arrest of Plaintiff was an unlawful seizure that violated both their training and Plaintiff's constitutional rights under the Fourth Amendment.

31.      As a result of their misconduct, Defendant officers are liable for Plaintiff's injuries and his imprisonment.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.


**THIRD CAUSE OF ACTION**
**(Violation of the 1st Amendment of the U.S. – Retaliatory Arrest & Force)**
*(Against MOORE, GROVER, GASPER, PARSONS, CASTLE, VILLARROEL, and DOES 1-25)*


32.     Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

33.     At all times relevant herein, Plaintiff had a right to free speech and to protest police action as afforded and provided by the First Amendment and protected against retaliation by the same and 42 U.S.C. § 1983.

34.     Upon information and belief, Defendants chose to use and/or used excessive force against Plaintiff in retaliation for Plaintiff's exercising of his right to protest police action, liberty and free movement.

35.     As a result of their misconduct, Defendants are liable for Plaintiff's physical, mental, and emotional injuries, either because they were integral participants, or because they failed to intervene to prevent these violations

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

**FOURTH CAUSE OF ACTION**
**(Violation of the Bane Act (Cal. Civ. Code § 52.1))**
*(Against MOORE, GROVER,GASPER,PARSONS,CASTLE, VILLARROEL, CITY of*
*BERKELEY and DOES 1-25)*

35.     Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

36.     Plaintiff brings this "Bane Act" claim individually for direct violation of his own rights.

37.     By their conduct described herein, Defendants and Does 1-50, acting in concert/conspiracy, as described above, violated Plaintiff's rights under California Civil Code §52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

a.     Plaintiff's right to be free from unreasonable searches and seizures as secured by the Fourth Amendment to the United States Constitution and by Article I, § 13 of the California Constitution;

b.     Plaintiff's right to be free from excessive and unreasonable force in the course of arrest or detention, as secured by the Fourth Amendment to the United States Constitution and by Article 1, § 13 of the California Constitution;

c.     Plaintiff right to assemble and to free speech as secured by the First Amendment to the United States Constitution and by Article 1, § 13 of the California Constitution;

38.     Excessive force which violates the Fourth Amendment, also violates the Bane Act.  Defendants' use of unlawful force against Plaintiff, in and of itself, satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.

39.     Further, any volitional violation of rights done with reckless disregard for those rights also satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.  All of Defendants' violations of duties and rights were volitional, intentional acts, done with reckless disregard for Plaintiff's rights; none was accidental or merely negligent.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 8

40.    Alternatively, Defendants violated Plaintiff's rights by the following conduct constituting threat, intimidation, or coercion that was above and beyond any lawful seizure or use of force:

      a.    Threatening Plaintiff in the absence of any threat presented by Plaintiff or any justification whatsoever;

      b.    Using deliberately reckless and provocative tactics to apprehend Plaintiff in violation of generally accepted law enforcement training and standards, and in violation of Plaintiff's rights;

      c.    Defendant striking Plaintiff in the absence of any threat or need for such force;

      d.    Threatening violence against Plaintiff, with the apparent ability to carry out such threats, in violation of Civ. Code § 52.1(j);

      e.    Using excessive, unreasonable and unjustified force against Plaintiff while he attempted to comply with the officers;

      f.    Failing to intervene to stop, prevent, or report the unlawful seizure and use of excessive and unreasonable force by other officers;

      g.    Violating multiple rights of Plaintiff;

      h.    Arresting Plaintiff for no reason.

41.    Defendant CITY OF BERKELEY is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

42.    As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiff's rights under the United States and California Constitutions, Plaintiff sustained injuries and damages, and against all Defendants and is entitled to relief as set forth above, including punitive damages against Defendants and Does 1-50, and including all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to costs, attorneys fees, treble damages, and civil penalties.

## FIFTH CAUSE OF ACTION
### (Battery – Violation of CALIFORNIA PENAL CODE § 242)

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 9

*(Against MOORE, GROVER,GASPER,PARSONS,CASTLE,VILLARROEL, CITY OF BEKELEY and DOES 1-25)*

43.    Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

44.    Defendants, while working as employees for the Defendant CITY OF BERKELEY police department, and acting within the course and scope of their duties, intentionally injured Plaintiff without a lawful basis.

45.    As a result of the actions of the Defendants, Plaintiff suffered physical injuries. Defendants and Does did not have legal justification for using force against Plaintiff, and Defendants' use of force while carrying out their duties was an unreasonable use of force.

46.    Defendant CITY OF BERKELEY is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

47.    As a direct and proximate result of Defendants' battery of Plaintiff, Plaintiff sustained injuries and damages, and are entitled to relief as set forth above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SIXTH CAUSE OF ACTION**
**(Negligence)**
*(Against MOORE, GROVER, GASPER, PARSONS, CASTLE, VILLARROEL CITY OF BERKELEY and DOES 1-25)*

48.    Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

49.    At all times, Defendants and Does owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

50.     At all times, Defendants and Does owed Plaintiff the duty to act with reasonable care.

51.     These general duties of reasonable care and due care owed to Plaintiff by Defendants include but are not limited to the following specific obligations:

      a.   to refrain from using excessive and/or unreasonable force against Plaintiff;

      b.   to refrain from unreasonably creating the situation where force, including but not limited to excessive force, is used;

      c.   to refrain from abusing their authority granted them by law;

      d.   to refrain from violating Plaintiff's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

52.     Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

53.     Defendant CITY OF BERKELEY is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code section 815.2.

54.     As a direct and proximate result of Defendant's negligence, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above.

**SEVENTH CAUSE OF ACTION**
**(False Imprisonment/Illegal Detention)**
*(Against MOORE, GROVER, GASPER, PARSONS, CASTLE, VILLARROEL,  CITY OF BERKELEY and DOES 1-25)*

55.     Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 11

56.     Defendants and DOES 1-25 detained and assaulted Plaintiff without just cause and under false pretenses. Defendants restrained, detained, and/or confined Plaintiff without his consent or a lawful basis for a significant period of time.

57.     As a result of the Defendants and Does 1-50 unlawful confinement, Plaintiff suffered emotional distress and physical injuries.

58.     Defendant CITY OF BERKELEY is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## EIGHTH CAUSE OF ACTION
### (False Arrest)
*(Against MOORE, GROVER, GASPER, PARSONS, CASTLE, VILLARROEL, CITY OF BERKELEY and DOES 1-25)*

59.     Plaintiff realleges and incorporates by reference each and every paragraph of this complaint.

60.     Defendant Does, while working as employees for the BERKLEY POLICE DEPARTMENT, and acting within the course and scope of their duties, falsely arrested Plaintiff without any reasonable suspicion and/or probable cause.

61.     As a result of the actions of these Defendants, Plaintiff suffered physical injuries and/or emotional distress. Defendants did not have legal justification for using force, arresting and/or detaining.

62.     Defendant CITY OF BERKELEY is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

## JURY DEMAND

63.     Plaintiff hereby demands a jury trial in this action.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

1

## **PRAYER**

2

Wherefore, Plaintiff prays for relief, as follows:

3

4
1.  For general damages in a sum according to proof;

5
2.  For special damages in a sum according to proof;

6
3.  For punitive damages against Defendants MOORE, GROVER, GASPER, PARSONS,

7
    CASTLE, VILLARROEL and DOES 1-25 in a sum of according to proof;

8
4.  All other damages, penalties, costs, interest, and attorney fees as allowed by 42 U.S.C. §§

9
    1983 and 1988, Cal. Civil Code §§ 52 et seq., 52.1, and as otherwise may be allowed by

10
    California and/or federal law against Defendant City and its employees

11
5.  For cost of suit herein incurred; and

12
6.  For such other and further relief as the Court deems just and proper.

13

14

15
Dated: June 19, 2020                          **POINTER & BUELNA, LLP**

16

17
                                              **/s/  Patrick M. Buelna**
                                              PATRICK M. BUELNA

18
                                              Attorney for Plaintiff
19                                            KEVIN FRANKLIN

20

21

22

23

24

25

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 13